IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KWASI SARFO,<br>   *Plaintiff,*<br><br>   v.<br><br>NESTLE PURINA PETCARE COMPANY,<br>   *Defendant.* | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO._____<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Kwasi Sarfo ("Plaintiff"), a former employee of the Defendant, Nestle Purina PetCare Company ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action is brought under 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.   JURISDICTION AND VENUE:**

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on §1981 and Title VII.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On February 28, 2025, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Kwasi Sarfo ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 704 Stanwix Circle #4, Carlisle, Pennsylvania 17013.

7. Defendant, Nestle Purina PetCare Company ("Defendant"), is a corporation duly organized and existing under the laws of the State of Missouri, maintaining a place of business located within the Commonwealth of Pennsylvania at 6509 Brandy Lane, Mechanicsburg, Pennsylvania 17050.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined by §1981, Title VII, and the PHRA, and has been, and is, subject to the provisions of each said Act.

### IV. STATEMENT OF FACTS:

10. Plaintiff, a Black man of Ghanan national origin, was employed by the Defendant from April 5, 2021 until August 18, 2023, the date of his termination.

11. Throughout his employment with the Defendant, Plaintiff held the position of Forklift Operator, and at all times performed satisfactorily in said role.

12. Beginning in or around June of 2022, the Defendant, through its agents, servants, and employees, began subjecting Plaintiff to discrimination and a hostile work environment based on his race and national origin.

13. By way of example, Dana Craig ("Craig"), Supervisor, a Caucasian individual, began to discriminatorily address Plaintiff as "Rafiki," in reference to the African baboon character from Disney's The Lion King.

14. By way of further example, in or around early June of 2023, Dustin Kline ("Kline"), Forklift Operator, a Caucasian individual, discriminatorily referred to Plaintiff's last name, a traditionally West African surname, as "crazy."

15. The following day, Plaintiff registered a complaint of national origin and race discrimination with Dalia Duncan ("Duncan"), Human Resources Representative. However, Defendant failed and refused to investigate or otherwise take remedial action.

16. Thereafter, on or about June 8, 2023, William Murphy ("Murphy"), Forklift Operator, joined Craig in his racist dialogue by referring to Plaintiff as "Rafiki."

17. As Plaintiff was not familiar with the character Rafiki, he researched its meaning when Murphy began to use it as well. Upon discovering the source of the name and the obvious discriminatory intent in referring to Plaintiff, an African man, as a fictional baboon, Plaintiff experienced significant humiliation and distress. Plaintiff registered an additional complaint of race and national origin discrimination with Duncan at this time.

18. Over the course of the next two months, Plaintiff repeatedly followed up with Duncan regarding the status of his complaints. Despite Duncan's assurance that she would investigate the same, Defendant failed and refused to take remedial action, thereby allowing the discriminatory remarks and harassment against Plaintiff to continue unabated.

19. Failing to receive a satisfactory response from Duncan, on or about August 17, 2023, Plaintiff registered another complaint of national origin and race discrimination with Defendant's corporate hotline.

20. Immediately thereafter, on or about August 18, 2023, Defendant terminated Plaintiff's employment on the false grounds that he used profane language in the workplace.

21. Plaintiff believes and avers that no legitimate business reason existed for the termination of his employment and that the Defendant terminated his employment based on his race and national origin and/or in retaliation for opposing discrimination in the workplace.

## COUNT I
### (42 U.S.C. §1981 - Race Discrimination, Hostile Work Environment, Retaliation)
### Plaintiff v. Defendant

22. Plaintiff incorporates by reference paragraphs 1 through 21 of his Complaint as though fully set forth at length herein.

23. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to race discrimination, a race-based hostile work environment, and retaliation for opposing unlawful race discrimination, constituted violations of §1981.

24. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

25. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Title VII - Race Discrimination, Hostile Work Environment, Retaliation)
### Plaintiff v. Defendant

26. Plaintiff incorporates by reference paragraphs 1 through 25 of his Complaint as though fully set forth at length herein.

27. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to race discrimination, a race-based hostile work environment, and retaliation for opposing unlawful race discrimination, constituted violations of Title VII.

28. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

29. As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA – Race Discrimination, Hostile Work Environment, Retaliation)
### Plaintiff v. Defendant

30. Plaintiff incorporates by reference paragraphs 1 through 29 of his Complaint as though fully set forth at length herein.

31. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to race discrimination, a race-based hostile work environment, and retaliation for opposing unlawful race discrimination, constituted violations of the PHRA.

32. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

33. As further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

34. Plaintiff incorporates by reference paragraphs 1 through 33 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against the Defendant, and order that:

    a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination and retaliation;

    b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

    c. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

    d. Defendant pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    e. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                               THE GOLD LAW FIRM, P.C.

By:    <u>/s/ Sidney L. Gold, Esquire</u>
        SIDNEY L. GOLD, ESQUIRE
        I.D. No.:  21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

DATED:  May 28, 2025

## **VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 05/28/2025

_Kwasi Sarfo (May 28, 2025 13:15 EDT)_
KWASI SARFO, PLAINTIFF